CARL LEE ADKINS, JR.                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 5:17-CV-P33-TBR

TERRY B. PEEDE                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Carl Lee Adkins, Jr., leave to proceed *in forma pauperis*. This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.

Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594

U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and

allowed to continue in part.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Kentucky State Penitentiary (KSP) Officer Terry B.

Peede in both his official and individual capacities.

Plaintiff first writes that he believes he suffered from food poisoning on October 19,

2016, which caused him to suffer "vertigo and regurgitation" and submit a sick-call request. He

then states that on October 20, 2016, he noticed an unidentified pink substance in his hot

breakfast cereal and "immediately emptied all of the contents of the tray in the commode."

Plaintiff states that Defendant Peede was approximately 15 yards from Plaintiff's cell when

Plaintiff was served this breakfast. Plaintiff further states that these circumstances caused him to

begin "an abstemious observation."

Plaintiff next contends that at 3:30 a.m., on October 22, 2016, Plaintiff asked to speak to

Defendant Peede regarding "the tampering and molesting of his food." Plaintiff states that

Defendant Peede responded to his concerns with a "modicum of bigotry and a high volume of derogatory emanation," stating: "You piece of (word omitted) terrorize Americans, but can't handle what y'all dish out, then you mother (word omitted) shouldn't engage in war." Plaintiff states that Defendant Peede then told another officer: "Don't bother me with complaints from this check-in (protective custody) mother (word omitted) . . . ." Plaintiff states that he was "assertive when proclaiming his belief as a minority Muslim in the United States" and embarrassed to be called "a check in (one who pleads to administration for protection)" in front of 39 other inmates.

Plaintiff alleges that the confrontation between himself and Defendant Peede at 3:30 in the morning caused the majority of the segregated inmates housed near him "to begin to scream, kick and beat at the bars and doors of the cell causing clamor." As a result, a seven to ten-member "use of force team . . . extracted Plaintiff from his cell with malicious and excessive force with intent to degrade and cause harm out of machination." Plaintiff alleges that because Defendant Peede falsely stated that Plaintiff had spit on him, the team placed a "spit shield" on Plaintiff. Plaintiff further alleges that "by Defendant Peede's delegation," the team removed Plaintiff's state-issued clothing using a seatbelt cutter, gave him paper boxers to wear instead, and put him in a "restraint chair, secured by shackles, handcuffs, and chest straps." Plaintiff states that while the team placed him in the chair, they yanked on his beard and used "obscene slurs."

Plaintiff then writes:

After Plaintiff was restrained and confined in the shower, LPN Joanna Stewart was notified and ordered to check the restraints applied to Plaintiff . . . . Medical failed to adequately check the application of such restraints relying solely on the clinical decision and palpate display of Defendant Peede who previously applied the restraints in question . . . . When Nurse Stewart informed the video

surveillance conductor, "restraints are secured," the entire clandestine exhibition can and should be inferred as deliberate indifference!"

Plaintiff states that he never received a disciplinary report for violation of a Kentucky Department of Corrections policy or procedure either before or after being placed in a restraint chair and seems to claim that this is further evidence that excessive force was used against him. He also alleges that, as a result of the force used against him while he was being placed in a restraint chair, he sustained "lacerations and abrasions" to his wrists and ankles and had shooting pains in his wrists which caused him to request medical attention. He further alleges that "at times gripping writing utensils becomes difficult for Plaintiff who proclaims to be dexterous."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc*. *v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

### A. Official-Capacity Claims

As stated above, Plaintiff has sued Defendant Peede in both his official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant Peede is an employee of the Commonwealth of Kentucky, the claims brought against him in his official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendant Peede in his official capacity, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Peede in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendant Peede for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### B. Individual-Capacity Claims

#### 1. Food Concerns

With regard to his food, Plaintiff alleges that he suffered food poisoning on one day and found an unidentified pink substance in his food the next day. However, "the fact that the [prison] food occasionally contains foreign objects or is sometimes served cold, while unpleasant, does not amount to a constitutional deprivation." *Smith v. Younger*, No. 98-5482, 1999 U.S. App. LEXIS 20168, at *5 (6th Cir. Aug. 9, 1999) (affirming the district court's

dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter). Moreover, "[a] single incident of food poisoning . . . does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (footnote omitted)); *see also Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (holding that occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Fant v. Jones*, No. CV 14-3574-SJO (SP), 2015 U.S. Dist. LEXIS 147657, at *7-8 (C.D. Cal. Sept. 14, 2015) (finding no Eighth Amendment claim where the plaintiff alleged that on three occasions over a two-year period he was served meals with insects either in his food or on his tray); *Wiley v. Dep't. of Corr.*, No. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *22-23 (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable); *Bennett v. Misner*, No. 02-1662-HA, 2004 U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation."), *aff'd*, 180 F. App'x 732 (9th Cir. 2006).

Based upon the above-cited case law, the Court concludes that Plaintiff's allegations regarding his food do not rise to the level of a constitutional violation. Thus, this claim will be dismissed for failure to state a claim upon which relief may be granted.

## 2. Verbal Harassment

Plaintiff also seems to allege that Defendant Peede verbally abused him. Although reprehensible and not condoned, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Clark v. Turner*,

No. 96-3265, 1996 U.S. App. LEXIS 331113, at *4 (6th Cir. Dec. 13, 1996) ("Verbal

harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's

constitutional rights."); *George v. Ballard*, No. 5:16-482-KKC, 2017 U.S. Dist. LEXIS 2564, at

*8 (E.D. Ky. Jan. 9, 2017) ("It has long been established that a prison guard's verbal abuse

or general harassment of an inmate does not violate the Eighth Amendment."); *Searcy v.

Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *10 (M.D. Tenn. Feb. 11, 2008) ("A

claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or

verbal harassment by prison officials."); *McGowan v. Cantrell*, No. 1:05-cv-334, 2007 U.S. Dist.

LEXIS 64534, at *48 (E.D. Tenn. Aug. 30, 2007) ("While defendants' alleged conduct is

despicable and to be condemned, it does not violate the Constitution because neither verbal

harassment nor threats constitute punishment within the context of the Eighth Amendment.").

Plaintiff's allegations of verbal harassment and abuse, therefore, fail to state a claim upon

which relief may be granted and will be dismissed.

### 3. Excessive Force

Under the Eighth Amendment, an official's conduct will be found to amount to cruel and

unusual punishment "when their offending conduct reflects an unnecessary and wanton infliction

of pain." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive-force claim under the Eighth

Amendment, the constitutional analysis has both a subjective and an objective component,

requiring the court to determine "whether the force was applied in a good-faith effort to maintain

or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain

inflicted [is] sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and

citations omitted). This heightened Eighth Amendment standard acknowledges that "[t]he

maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

Based upon Plaintiff's allegations of excessive force, the Court will allow this individual-capacity claim against Defendant Peede to proceed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendant Peede are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendant Peede regarding his food and verbal harassment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a Scheduling Order and Order Directing Service to govern Plaintiff's remaining excessive-force claim.

Date:

cc:     Plaintiff, *pro se*
       Defendant
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011