UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-033-TBR

CARL LEE ADKINS, JR.,                                                    PLAINTIFF

v.

TERRY B. PEEDE,                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Carl Lee Adkins, Jr.'s Motion to Appoint Counsel. [R. 38.] For the reasons discussed below, Plaintiff's Motion to Appoint Counsel, [R. 38], is DENIED.

The law does not require the appointment of counsel for indigent plaintiffs in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06; *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Currently before the Court is Adkins's second Motion to Appoint Counsel. [R. 38.] Generally, his arguments remain the same as in the first motion. Once again, he asserts the

1

complexity of the case, his inability to investigate, and conflicting testimony as circumstances requiring the appointment of counsel. [R. 6 at 1; R. 38-2 at 2-4.] The Court stands by its previous ruling in which it denied these assertions as "exceptional circumstances" warranting appointment of counsel. [*See generally* R. 10.] However, in his second motion, Adkins raises some additional arguments that must be addressed.

First, Adkins argues that "it will be necessary to present a medical expert witness and/or to cross-examine medical witnesses called by the defendants" and such "issues requiring expert testimony support[] the appointment of counsel." [R. 38-2 at 1.] For support, Adkins cites to three cases, all outside the Sixth Circuit, that the Court finds to be distinguishable from the case at hand. Two of the cases, *Montgomery v. Pinchak* and *Moore v. Mabus*, involved medical issues much more complex than the wrist injury Adkins allegedly endured due to the use of chair restraints. In contrast to Adkins's wrist injury, *Montgomery* involved a cardiac catheterization for a patient with heart disease, *see* 294 F.3d 492, 504 (3d Cir. 2002), and *Moore* involved the "complex subject" of HIV-AIDS management in a prison environment, *see* 976 F.2d 268, 272 (5th Cir. 1992). In the third case cited by Adkins, *Jackson v. County of McLean*, the Seventh Circuit found that the district court abused its discretion in failing to grant the prisoner plaintiff's request for counsel at trial because "[t]he district court should have realized that it was highly probable that Jackson would not have recognized the need to call expert witnesses to present a prima facia case." 953 F.2d 1070, 1073 (7th Cir. 1992). Unlike the plaintiff in *Jackson*, Adkins clearly recognizes the importance of expert witnesses. The Court is sensitive to the fact that Adkins worries he will not be able to effectively conduct examinations of witnesses, but "such a commonplace occurrence in the life of every trial cannot constitute exceptional circumstances." *Cooper v. Bower*, No. 5:15-CV-249-TBR, 2017 WL 6462288, at *2 (W.D. Ky. Dec. 18, 2017).

Furthermore, in the context of this motion, the Court only considers the appointment of counsel, not the appointment of an expert. Thus, the Court finds Adkins's first argument does not set forth "exceptional circumstances."

Second, Adkins argues that his case presents a complex legal situation due to the "large number of officials who were involved in the use of excessive force" and the fact that he has asked for a jury trial. [R. 38-2 at 4.] As this Court has previously stated, "[t]he fact that there are numerous Defendants is of no moment, as all of Plaintiff's allegations relate to a single incident." *Calloway v. Beasley*, No. 3:13-CV-410-CRS-CHL, 2015 WL 2151952, at *3 (W.D. Ky. May 7, 2015). Regarding Adkins's concern about representing himself at a jury trial, the Court finds that "[s]uch a commonplace occurrence, standing alone, cannot be grounds for the appointment of counsel in a civil action such as this." *Cooper*, No. 5:15-CV-249-TBR, 2017 WL 6462288, at *2 (holding, amongst many arguments from the plaintiff, the argument that the plaintiff had "never proceeded to trial in a civil action before" was not an exceptional circumstance warranting the appointment of counsel). Thus, the Court finds Adkins's second argument does not set forth "exceptional circumstances."

Finally, Adkins argues that he is an "indigent prisoner with no legal training, a factor that supports the appointment of counsel." [R. 38-2 at 3.] In support, Adkins cites to the Seventh Circuit's holding in *Forbes v. Edgar*, 112 F.3d 262 (7th Cir. 1997). However, the court in *Forbes* held that the lower court's denial of request for appointment of counsel was *not* an abuse of discretion. *See* 112 F.3d at 264-65. Thus, *Forbes* actually discredits Adkins's argument. Furthermore, Adkins has shown himself to have an impressive "ability[y] to represent himself." *Lavado,* 992 F.2d at 606. Based on the progression of this case to date, it appears that Adkins is articulate and able to represent himself sufficiently at this time.

In summary, the Court finds that Adkins has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage.

**CONCLUSION**

For the reasons stated herein, **IT IS HEREBY ORDERED**: Plaintiff Carl Lee Adkins, Jr.'s Motion to Appoint Counsel, [R. 38], is **DENIED**.

cc: Counsel of Record

Carl Lee Adkins, Jr., *pro se*
214628
EASTERN KENTUCKY CORRECTIONAL COMPLEX
200 Road to Justice
West Liberty, KY 41472